UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| Anita Butler, ) | Case No. 03 B 42227 |
| ) | |
| Debtor. ) | |
| ) | Honorable John D. Schwartz |
| _____ ) | |
| ) | |
| Nicor Gas, ) | Adv. No. 04 A 00149 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Anita Butler, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the motion for summary judgment filed by the plaintiff, Nicor Gas. For the reasons set forth below, the motion is granted.

**Background**

On October 15, 2003, defendant Anita Butler ("Butler") filed a voluntary petition for bankruptcy protection under chapter 7 of the Bankruptcy Code (11 U.S.C. §101 *et seq*.). On January 30, 2004, Nicor Gas filed an adversary complaint seeking to bar the discharge of its debt pursuant to §§523(a)(2)(A) of the Bankruptcy Code. On February 10, 2005, this motion for summary judgment was filed with proof of service on the debtor and the trustee. With the motion, a Statement of Uncontested Facts, pursuant to Local Bankruptcy Rule 7056-1 was filed. A briefing scheduled was set forth in an order entered on February 10, 2005 and served on all parties. No further papers were filed.

The facts, as alleged in Nicor Gas' Statement of Material Facts, are as follows. Nicor Gas is an Illinois corporation providing natural gas services. Butler is an Illinois resident whose primary residence was at all relevant times 15837 S. Albany, Markham, Illinois. Nicor Gas provided natural gas and related energy services to Butler at her residence. Butler opened account number 4-20-75-0571 for gas service at her residence around November 12, 2002. Butler failed to pay for gas service and it was terminated after notice on June 24, 2003. Butler or someone she knows restored gas service at her residence after June 24, 2003 without paying Nicor Gas any of the unpaid balance. Nicor Gas turned off the gas service again on August 6, 2003. Butler restored the gas service again after August 6, 2003 without paying Nicor Gas any of the unpaid balance and without the authorization of Nicor Gas. Nicor Gas turned off the gas service again on October 15, 2003. Butler restored the gas service again after October 15, 2003 without paying Nicor Gas any of the unpaid balance and without the authorization of Nicor Gas.

## Discussion

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056 which provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The purpose of summary judgment is to avoid unnecessary trials when there are no genuine issues of material fact in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating all elements of the cause of

action, Bombardier Capital, Inc. v. Dobek, 278 B.R. 496, 501 (Bankr. N.D. Ill. 2002), as well as showing that no genuine issue of material fact is in dispute and that judgment in its favor should be granted as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Pursuant to Local Bankruptcy Rule 7056-1, the moving party is required to file with its motion a statement of material facts as to which the moving party contends there is no genuine issue, including specific references to the affidavits, parts of the record and other supporting materials relied upon to support the facts. The party opposing a summary judgment motion is required by Local Bankruptcy Rule 7056-2 to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr. R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr. R. 7056-2B.

Butler has not filed the statement required by Local Bankr. R. 7056-2. The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. See Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1139-1140 (7th Cir. 1997).

> Compliance with the Local Rules is not a mere technicality. The Court relies greatly upon the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. American Ins. Co. v. Meyer Steel Drum, Inc., 1990 WL 92882 at *7 (N.D. Ill. June 27, 1990). This Court "should not be required to guess whether the facts asserted by the opposing part[y] are in direct conflict or scour the record in search of a party's evidence." Fotsch v. Eli Lilly and Co., 1995 WL 238677 at *1, n.1 (N.D. Ill. Apr. 20, 1995).

In re Szombathy, 1996 WL 417121, *3 (Bankr. N.D. Ill. July 9, 1996) (discussing Local

Bankr. R. 402, the predecessor to Local Bankr. R. 7056), *rev'd on other grounds by* Szombathy v. Controlled Shredders, Inc., 1997 WL 189314 (N.D. Ill. April 14, 1997).

> The statements required by Rule 7056
>
> are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information on its own.

Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994) (citations omitted). Because Butler failed to comply with Rule 7056-2, all material facts set forth in Nicor Gas' 7056-1 statement are deemed admitted.

Nevertheless, a federal court may not grant summary judgment without first determining if the moving party has met its burden to show that no material issue of fact remains for trial, "even when a nonmoving party chooses the perilous path of failing to submit a response" to the motion. Amaker v. Foley, C.O., 274 F.3d 677 (2nd Cir. 2001), citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.Ct. 1598 (1970). See also, Fed. R. Civ. P. 56(e) with the Advisory Committee Notes to the 1963 Amendments and E.E.O.C. v. Sears, Roebuck & Co., 839 F.2d 302, 354 (7th Cir. 1988).

Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under Chapter 7 does not discharge a debtor from a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

Under recent Seventh Circuit precedent, to demonstrate an actual fraud a plaintiff may show any "deceit, artifice, trick or design involving direct and active operation of the mind, used

-4-

to circumvent and cheat another." McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir. 2000) *quoting* 4 Collier on Bankruptcy ¶523.08[1][e], p. 523-45 (15th ed., Lawrence P. King ed., 2000). Following McClellan, Judge Squires aptly opined that a creditor must establish that "(1) a fraud occurred; (2) the debtor was guilty of intent to defraud; and (3) the fraud created the debt that is the subject of the discharge dispute." Califf v. Park, 2002 WL 130948 at *6 (Bankr. N.D. Ill.).

Deeming admitted all the material facts set forth in Nicor Gas' 7056-1 statement, Nicor Gas has established that a fraud occurred, that Butler intended to defraud Nicor Gas and that the fraud created the debt at issue. Butler failed to pay for gas service, repeatedly turned on or caused to be turned on the gas service after Nicor Gas turned it off and never paid for the amounts due.

### Conclusion

For the foregoing reasons, Nicor Gas' motion for summary judgment is granted.

**ENTERED:**

Date: May 5, 2005

John D. Schwartz
United States Bankruptcy Judge